FILED
2006 May-05 PM 04:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LILLIAN C. TANG, | } | |
| | } | |
| Plaintiff. | } | |
| | } | CIVIL ACTION NO. |
| v. | } | 05-AR-0665-S |
| | } | |
| JOE SUN, et al., | } | |
| | } | |
| Defendants. | } | |

**MEMORANDUM OPINION**

At an abortive pretrial conference conducted in the above-entitled case on May 1, 2006 ("May Day! May Day! May Day!"), the parties for the very first time articulated with enough clarity for the court finally to comprehend where the undisputed material facts inexorably lead. The court suddenly realized that it lacks subject-matter jurisdiction. Rule 12(h)(3) provides:

> **Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.**

The original scheduling order entered on July 11, 2005, required that all amendments to pleadings be filed by October 11, 2005, and that all potentially dispositive motions be filed by December 9, 2005. Despite these time limitations, the court allowed defendants, including the newly added corporate defendant, to answer the amended complaint on January 30, 2006. This answer, for the first time, challenged both this court's *in personam* jurisdiction and this court's subject-matter jurisdiction. No separate motions to dismiss or for summary

judgment were filed.  These threshold jurisdictional matters should have been dealt with long ago.

There may be a dispute of fact with respect to whether the individual defendant, Joe Sun (or any of the other defendants if they exist as suable entities) had the minimum contacts with the State of Alabama to form a basis for long-arm jurisdiction.  Even if, as Sun says, he never came to Alabama during the negotiation of the transaction made the subject of the complaint, he did not file a special appearance or move for a dismissal under Rule 12(b)(2) or Rule 12(b)(3).  Because the contract (written in Chinese) was executed in Georgia, it is governed by Georgia law, and the proper forum under the principles of *forum non conveniens* is in Georgia.  This question of proper venue, however, pales in comparison to the question of subject-matter jurisdiction.

It appeared from the court's discussion with the lawyers on May 1, 2006, that plaintiff, Lillian Tang, has not successfully invoked the subject-matter jurisdiction of this court.  She premises jurisdiction on 28 U.S.C. § 1332, which requires an amount in controversy of at least $75,000, and total diversity of citizenship between plaintiffs and defendants.  The absence of a defendants' motion under Rule 12(b)(1) does not preclude this court's finding that the requisites for jurisdiction under 28 U.S.C. § 1332 do not exist.  The court is responsible from the start of a case to its finish to make sure that it has subject-

matter jurisdiction.  If it does not, it must dismiss the action.

On May 1, 2006, Tang's counsel did not dispute the straight forward assertion by Sun's counsel that Tang, as a proximate consequence of the transaction between her and Sun, personally lost only $30,000.  Tang is an Alabama resident, whereas Sun and the other defendants, to the extent they actually exist as suable entities, are Georgia residents.  Tang, however, acquired the balance of the total of the $150,000 she claims of defendants by assignment from other persons, several of whom were then, and are now, residents of Georgia.  Tang is suing both for herself and for non-diverse real parties in interest.  She is attempting to aggregate claims.  In the paragraph entitled "Plaintiffs' [plural] positions" in the proposed pretrial order, Tang unabashedly asserts:

> Plaintiffs [plural] allege that Defendant Joe Sun travelled to Alabama to solicit investment in his school.  He represented to the parties [plural] that the school was operating as a Georgia Limited Liability Company.  He never disclosed the existence of a corporation to the parties [plural].  He has not presented the parties [plural] with Articles of Incorporation, ByLaws or certificates of shares.  He told the Plaintiffs [plural] that they [plural] were members of the schools [sic] advisory board.  Plaintiffs [plural] allege that the Defendant misrepresented the business and operating structure of the "school" and that he diverted school funds for his own personal use, without the authority of any governing body.  Plaintiffs [plural] allege that Defendant promised to return the parties [plural] investment ($150,000) and created a document, written in the chinese language which purported to be a signed promise to repay to the investors [plural] the sum of $150,000 no later than June 2004.  Plaintiffs [plural]

claim that the chinese document is a contract or a promissory note and that the promise to pay money to Plaintiffs [plural] has been breached.

A specialized statute, 28 U.S.C. § 1359, precludes the transfer of claims or causes of action in order to aggregate $75,000 and/or to create diversity of citizenship in cases where these § 1332 requisites are present. Tang, in effect, has conceded that this court lacks jurisdiction. Her motivation is not as crucial to the inquiry as the need to vindicate § 1359.

Under the circumstances, there is no purpose to be served by entering a pretrial order in a case over which the court has no subject-matter jurisdiction, or by amending the schedule in order to allow a belated written motion to dismiss or a motion for summary judgment by defendants. At the pretrial conference, the court invited an oral motion from defendants to dismiss without prejudice, and such a motion was made. Even without such a motion, the court would *sua sponte* order a dismissal of this action without prejudice. Such an order will be entered separately.

DONE this 5th day of May, 2006.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE